*United States v. Watkins*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of September, two thousand seventeen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> ROBERT D. SACK,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                    No. 16-2997

ANTHONY WATKINS,

> *Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee United States: | Paul D. Silver, *for* Grant C. Jaquith, Acting United States Attorney for the Northern District of New York, Albany, NY. |
| For Defendant-Appellant: | Molly K. Corbett & James P. Egan, Assistant Federal Public Defenders, *for* Lisa |

A. Peebles, Federal Public Defender,
Albany, NY.

Consolidated appeals from final judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Anthony Watkins appeals from a sentence and final judgment of conviction entered on August 15, 2016, by the United States District Court for the Northern District of New York (D'Agostino, *J.*). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Watkins pled guilty to two counts of distribution of a controlled substance (heroin) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) in relation to selling, in two separate transactions, five bags (weight of .18 grams) and twenty bags (weight of .56 grams) of heroin to a confidential informant. In preparation for Watkins's sentencing hearing, the Probation Office calculated that because Watkins had two prior felony convictions as an adult for controlled substance offenses, Watkins qualified as a career offender under U.S.S.G. § 4B1.1, elevating his total offense level from a base level of 12 to 32.[1] Recognizing Watkins's acceptance of responsibility, the Probation Office reduced his calculated total offense level to 29. Coupled with a criminal history score of 11 and criminal history category of VI due to his career offender status, Probation calculated a Guidelines range sentence of 151 to 188 months' imprisonment.

Both in his sentencing memorandum and at sentencing, Watkins objected to the application of the career offender enhancement. During the sentencing hearing, Watkins

---

[1] Watkins also had a third felony conviction for a controlled substance offense as a minor. This was not considered as part of § 4B1.1's career offender designation, which counts only felony convictions for controlled substances offenses committed after the age of majority. *See* U.S.S.G. § 4B1.2, comment. (n.1).

2

specifically noted that the Sentencing Commission had recently recommended to Congress that individuals whose relevant convictions are non-violent drug offenses be removed from the definition of career offender under § 4B1.1. The district court rejected this argument as a reason to exercise discretion to decline to apply the career offender enhancement, contending that with several prior controlled substance felony offenses and two prior parole violations, "career offender does apply to him when I look at his record." App. 55. However, in consideration of "the small quantity of heroin sold in the instant offense and in the prior offenses," and recognizing that the Guidelines range for the same offense absent the career offender enhancement would yield a sentence of between 21 and 27 months' imprisonment, App. 59, the district court sentenced Watkins principally to a term of incarceration of 60 months to run concurrently as well as 3 years' supervised release. The judgment was entered on August 15, 2016, and Watkins timely filed his notice of appeal on August 29, 2016.

On appeal, Watkins contends that the district court's sentence was both procedurally and substantively unreasonable. We review a district court's sentence for reasonableness, which has both a procedural and a substantive component, and we review both aspects for abuse of discretion, *see United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008). Watkins primarily contends that the district court's rejection of Watkins's policy argument against the application of the career offender enhancement "did not reflect the considered discretion of the court given the totality of the information presented by Watkins." Def. Br. 9. Watkins also asserts that the district court failed to consider properly all of the 18 U.S.C. § 3553(a) factors necessary in choosing the sentence, and that the court improperly weighed certain of those factors in selecting the sentence.

We do not agree. Watkins does not dispute that he qualifies as a career offender under § 4B1.1. At sentencing the district court properly considered the fact that the instant offense was the defendant's most recent of several prior felony convictions for controlled substance offenses, and the fact that Watkins had twice violated the terms of his parole, in concluding that the defendant was properly considered a career offender. Nor was it improper for the court to consider as factors the dangerousness of the drug in the instant controlled substance offense (heroin), the relatively small amounts the defendant was caught distributing, and the advisory Guidelines range that would have applied had Watkins not been considered a career offender, in choosing a downward variance from the career offender-enhanced Guidelines range. Neither was it unreasonable in fashioning the appropriate non-Guidelines sentence to consider the relatively lenient prior sentences the defendant had received for his prior convictions. While the district court did not specifically identify and address each of the 3553(a) factors in deciding on the appropriate sentence at the hearing, "we do not require district courts to engage in the utterance of robotic incantations when imposing sentences in order to assure us that they have weighed in an appropriate manner the various section 3553(a) factors." *United States v. Sindima*, 488 F.3d 81, 85 (2d Cir. 2007) (internal quotation marks omitted). The transcript of the sentencing hearing clearly reflects that the district court thoughtfully considered and weighed various factors in the course of sentencing Watkins, and the chosen sentence was not substantively unreasonable in light of the significant downward variance from the career offender enhanced Guidelines range.

We have considered all of Watkins's contentions on appeal and have found in them no basis for reversal. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

4